IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM D. MCBRIDE**                                                                 **PLAINTIFF**

**VERSUS**                                                      **CAUSE NO. 1:12cv344-HSO-RHW**

**MICHAEL VERGIGA, MIKE BYRD,**
**JACKSON COUNTY BOARD OF**
**SUPERVISORS, and DONNY MOORE**                                          **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff William D. McBride initiated this action on November 8, 2012. At the time, he was a pretrial detainee at the Jackson County Adult Detention Center. On February 26, 2013, the Court ordered McBride to respond to certain inquiries regarding the Complaint. The response was due by March 12, 2013. Having received no response, on March 27, 2013, the Court entered an Order to Show Cause [9] directing McBride to show cause by April 10, 2013, why the case should not be dismissed for failure to prosecute or to obey an order of the Court.

The Orders [8, 9] were sent to McBride's address of record and were not returned as undeliverable. To date he has not responded or otherwise contacted the Court. Further, he has not paid the initial partial filing fee as ordered by the Court on February 26, 2013. The Court warned him that failure to comply "will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in this case being dismissed." (Dkt. 3 at 2). *See also* (Dkt. 4), (Dkt. 7 at 2), (Dkt. 8 at 2), (Dkt. 9). It is apparent from McBride's failure to pay the partial filing fee, to

respond to the Court's Orders, or otherwise communicate with the Court, that McBride lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since Defendants have never been called upon to respond to the Complaint, nor have they appeared in this action, and since the Court has not considered the merits of the claims, the case will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 29th day of April, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE